2 So.2d 469

## BRASHER v. STATE.

### 7 Div. 566.

Court of Appeals of Alabama.

May 20, 1941.

L. H. Ellis, of Columbiana, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction, under count 2 of the indictment, this appeal was taken. Said count reads as follows:

"Second Count

"The Grand Jury of said County further charges that before the finding of this indictment, John E. Brasher alias John Brasher, whose true name is to the Grand Jury, unknown otherwise than as stated, did manufacture, sell, give away, or have in possession a still, apparatus, appliance or some device or substitute therefor, to be used for the purpose of manufacturing or distilling prohibited liquors or beverages, against the peace and dignity of the State of Alabama."

Upon the trial of this case, four witnesses were examined by the State. They were state, county and federal officers. The testimony of each of these four witnesses tended to show that this appellant, and another, went to a still, they, the officers, had located, and secreted themselves nearby. That, after waiting and watching for some time, this appellant, and one Scroggins, came down to the still by a path leading from Scroggins' house, some 350 yards away, to the still. All of said State witnesses described the still as being complete in every way, and of about 500-gallon capacity, and that it was suitable to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. That the still was full of beer, and that the two men went to work at and about the still to put it into operation; pending which they discovered some of the officers nearby, whereupon they took to flight in an effort to get away. Both were captured, however, and were taken back to the still where the officers destroyed it, together also with some jugs and cans of five-gallon capacity. The evidence of the State was in full accord and without conflict. It was in every way ample to justify submitting the question of the guilt of this appellant to the jury. Hence, there was no error in the action of the court in refusing to defendant the general affirmative charges which he requested in writing. This is the only point of decision submitted to this court on this appeal. There were a few exceptions reserved to the court's rulings upon the testimony, but these exceptions are so clearly without merit no discussion in this connection is deemed necessary and will not be indulged.

The defendant, alone, testified in his own behalf. He readily admitted his presence at the still, as testified to by the arresting officers; but he strenuously insisted he had no interest in, or connection with, the possession of the still, and explained his presence at the still was for the purpose of getting a drink of the beer with which the still was filled. He denied flatly that he was at work, at and about the still in preparation to making a run of whiskey, as testified to by each of the State's witnesses. This conflict in the testimony, as stated, made a jury question. It is apparent, from this record, that the accused was accorded a fair and impartial trial, and this without any semblance of injurious error.

Affirmed.